## Pirillo License

Before Gibson, P. J., and Carson, J.

*Andrew G. Uncapher*, for Commonwealth.

*David H. Weiner*, for appellant.

PER CURIAM, December 19, 1949.—At a hearing before the court en banc, the Pennsylvania Liquor Control Board produced the testimony of two witnesses, showing that the licensee, John Pirillo, on two occasions during the licensed year, sold intoxicating liquors in his licensed place to the two agents of the Liquor Control Board as late as 12:45 o'clock a.m. (Daylight Saving Time) on Sunday mornings if the time be fixed by Daylight Saving Time, or the equivalent of 11:45 o'clock p.m., on Saturdays if Eastern Standard Time be used.

Defendant denies the sales, and, as an additional defense, claims that even if he did make the sales at the times shown they were not a violation of the liquor laws.

The board found the licensee guilty of violating the liquor laws and suspended his license for a period of 30 days, from which suspension the licensee appeals.

In disposition of this case, it is not necessary to determine whether or not the sales were made. The only question is, if the sales were made as shown by the testimony of the Liquor Control Board's agents, were they a violation of law?

The Act of April 13, 1887, P. L. 21, as last amended by the Act of May 3, 1923, P. L. 129, 76 PS §171, provides that on and after July 1, 1887, the mean solar time of the seventy-fifth meridian of longitude west of Greenwich, commonly called Eastern Standard Time, "shall be the sole and uniform legal standard of time throughout this Commonwealth; and on and after the date aforesaid all days shall everywhere be taken to begin and end in accordance with said standard; and every mention of, or reference to, any hour or time in any and all existing future acts of assembly, municipal ordinances, and corporate by-laws, in any and all existing or future rules or regulations adopted by any

public officer or official board, in any and all rules of the courts of the Commonwealth or any of them, whether standing or special, and whether now in force or hereafter to be promulgated, in any and all orders, judgments and decrees of said courts or any of them, . . . shall be construed with reference to, and in accordance with, the said standard hereby adopted, unless a different standard is therein expressly provided for".

The law regulating the sale of malt and brewed liquor (47 PS §744-411) prohibits the sale "on Sunday", which, according to the law establishing a uniform standard time, must be construed as the day beginning on Saturday at midnight, Eastern Standard Time, and ending on the following midnight.

This act regulating the sales of liquor also gave the Liquor Control Board some leeway by providing, "The Board may, with the approval of the Governor, advance by one hour the hours herein prescribed as those during which liquor and malt or brewed beverages may be sold in any municipality during such part of the year when daylight saving time may be observed generally in such municipality".

There is no evidence offered that the board, with the approval of the Governor, did advance the hours as it was empowered by this act to do. Neither is there any evidence that within the municipality in which this license was located Daylight Saving Time was observed generally.

On the evidence produced, there is no proof of any violation of the law regulating the sale of intoxicating liquors. Accordingly, the appeal must be sustained.

And now, December 19, 1949, the appeal of John Pirillo from the decision of the Pennsylvania Liquor Control Board under its order of October 10, 1949, is sustained and the order of the Pennsylvania Liquor Control Board is hereby reversed.